# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LADONNA PELFREY, | ) |
| *Plaintiff*, | ) Case No. 1:25-cv-73 |
| v. | ) Judge Atchley |
| DEPARTMENT OF DEFENSE, *et al.*, | ) Magistrate Judge McCook |
| *Defendants*. | ) |
| LADONNA PELFREY, | ) |
| *Plaintiff*, | ) Case No. 1:25-cv-74 |
| v. | ) Judge Atchley |
| STATE DEPARTMENT, *et al.*, | ) Magistrate Judge McCook |
| *Defendants*. | ) |
| LADONNA PELFREY, | ) |
| *Plaintiff*, | ) Case No. 1:25-cv-75 |
| v. | ) Judge Atchley |
| JAMES GIORDANO, *et al.*, | ) Magistrate Judge McCook |
| *Defendants*. | ) |
| LADONNA PELFREY, | ) |
| *Plaintiff*, | ) Case No. 1:25-cv-76 |
| v. | ) Judge Atchley |
| DEPARTMENT OF JUSTICE, *et al.*, | ) Magistrate Judge McCook |
| *Defendants*. | ) |

# MEMORANDUM OPINION & ORDER

This matter is before the Court *sua sponte* to determine whether it has subject matter jurisdiction over the allegations of the complaints filed in the above-captioned cases. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (challenge to a federal court's subject-matter jurisdiction may be made at any time and the court should raise the question *sua sponte*) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). In each case, Plaintiff's complaint is totally implausible and factually frivolous, depriving the Court of subject matter jurisdiction. These actions will be **DISMISSED** and Plaintiff Ladonna Pelfrey **ENJOINED** from filing cases in this Court without receiving prior approval.

## I. FACTUAL AND LEGAL BACKGROUND

On March 7, 2025, Plaintiff filed five substantially identical complaints, opening Case Nos. 1:25-cv-72 through 76 (the "March 7th Cases"). Each action names one government defendant – the Department of Energy, Department of Defense, State Department, or the Department of Justice – plus five individual defendants: James Giordano, Deno Giordano, Carey Leann Stockholm, Jay Giordano, and Lynn D. Forster Rothchild. Plaintiff makes no allegations as to any of the individual defendants except James Giordano. It is not clear who they are or whether any of them are purported state actors.

In each action, Plaintiff asserts violations of the Fourth, Fifth, and Eighth Amendments to the Constitution, 18 U.S.C. § 116, 18 U.S.C. § 2332a, and T.C.A. § 39-13-806. While she does not mention 42 U.S.C. § 1983, she references "color of law," so the Court treats relevant claims as if they were properly brought pursuant to § 1983. Her allegations center around her belief that "energy weapons" are being used against her and other United States citizens.

2
Case 1:25-cv-00074-CEA-JEM    Document 17    Filed 06/25/25    Page 2 of 16    PageID #: 57

Plaintiff used a complaint form to initiate her actions. In each case, she also filed a photocopy of the following: (i) 12 pages of handwritten allegations, divided into a numbered, four-page section identifying the harm she believes she has suffered at the hands of electromagnetic / radioactive weapons, and a numbered, eight-page section discussing her injury and opinions about the harm these weapons are inflicting on the United States; (ii) two pages of medical records related to a CT scan of her head; (iii) a page purporting to interpret those records; and (iv) a two-page request for judgment. Some portions of this document are barely legible. The Court refers to this filing as the "Statement of Claim," and details its allegations below.

In each of the March 7th Cases, Plaintiff also filed a Supplement, adding Defendants Deno Giordano and Carey Leeann Stockholm as Defendants, with no further allegations. *See e.g.* Case No. 1:25-cv-73 [Doc. 5].[1] She also filed photographs of what appear to be scabs, open wounds, rashes, and other injuries on her body, as well as some medical imaging and a photo of a woman in a Halloween costume. [Doc. 4].

On April 2, 2025, Plaintiff filed a Notice of Appeal in each of her March 7th Cases. It states: "I Ladonna Pelfrey am taking the appeal to the United States Court of Appeal for the 6th Circuit of Ohio and TN. Order entered on 3/7/25." [*Id.*]. The only Orders entered on March 7th in any of her cases were entered in *Pelfrey v. United States Department of Energy*, Case No. 1:25-cv-72.[2] They were procedural orders entered in every civil case: an Order Governing Depositions, Order Governing Motions to Dismiss, and Order Governing Sealing Confidential Information. *See* Case

---

[1] For her Supplement, Motion to Amend and for Default Judgment, Notice of Appeal, and Writ of Certiorari, Plaintiff submitted a single document to be docketed in multiple cases. Each of these documents was filed in each of the instant cases, among others, and the filings are identical. For ease of reference, the Court refers to the docket entries in *Pelfrey v. Department of Defense, et al.*, Case No. 1:25-cv-73, unless otherwise noted. Her Complaints contain an identical Statement of Claim, but otherwise differ slightly, so the Complaints are discussed separately below.

[2] The remaining March 7th Cases were referred for a related case determination, so they had not yet been assigned to the undersigned District Judge.

No. 1:25-cv-72 [Docs. 4-6]. Though no order was filed on March 7th in any other case, Plaintiff filed the same Notice of Appeal in all of the March 7th Cases, as well as in *Pelfrey v. Giordano*, Case No. 1:24-cv-354.

The United States Court of Appeals for the Sixth Circuit dismissed all six of Plaintiff's interlocutory appeals for lack of jurisdiction. *See, e.g.,* Case No. 1:25-cv-73 [Docs. 11 & 12].

On May 7, 2025, Plaintiff filed a "Petition for Writ of Certiorari." [Doc. 10]. The body of the document is as follows: "From the United States Court of Appeals for the 6th Circuit for writ of certiorari to the Surpreme Court of Washington, D.C. & State of Tennessee." [*Id.*] (errors original). She filed this document in each of the instant cases, among others. There is no text in the document other than the case caption and signature block.

Finally, on June 5, 2025, Plaintiff filed a Motion to Amend and for Default Judgment, which likewise lists all five of the March 7th Cases and two others. [Doc. 16]. The Motion does not contain new factual allegations, but adds a demand for "$10 million or more to settle these cases." [*Id.*]. It also seeks "default judgment from the 7 summons I mailed." [*Id.*]. No proof of service or executed summons has been filed in any of the March 7th Cases.

With this background, the Court turns to the allegations in the remaining March 7th Cases. The Court has no desire to draw unkind attention to the fantastical nature of Ms. Pelfrey's contentions. But because these actions will be dismissed as implausible and factually frivolous, Plaintiff's allegations must be set out in some detail. The bulk of the allegations, moreover, appear in the Statement of Claim, which was filed in each action.

    a. **The Statement of Claim**

Though at times difficult to decipher, the Statement of Claim generally alleges that "biochemicals, neurotoxins, & magnetic energy" are being used on United States citizens,

apparently by the Government and/or James Giordano. *See, e.g.,* Case No. 1:25-cv-73 [Doc. 2 at 7]. Plaintiff claims there is "secret spying" in bedrooms and showers, that women and young girls are being molested, and that she herself is being "sexually assaulted and battered" with these weapons. [*Id.*].

Plaintiff alleges her tires were "blown out" and she had lights "beamed" into her eyes, causing her to wreck her car. [*Id.* at 8]. She alleges her career was "stolen over sex in a 20 year marriage" and that her ex-husband was attacked by James Giordano. [*Id.*]. She alleges that people are trying to force her to recant her faith in Jesus Christ and that she is tortured when she refuses. [*Id.*]. "I am being forced under different types of brain narcotics also too force sex compliance when I was with husband but he was sex trafficked." [*Id.* at 9] (errors original).

Plaintiff next alleges she is "being held captive as a sex slave, manipulated through technology." [*Id.* at 10]. She alleges she is being "magno electrocuted by energy weapons," causing her immense pain. [*Id.*]. She alleges she is "tortured over [her] faith in Jesus Christ & told he's not real," and tortured when she disagrees. [*Id.*]. She alleges that due to being the target of these energy weapons, she suffers "brain torture & forced body pain & female sexual mutilation," amounting to slavery and forced sex trafficking. [*Id.* at 11]. She alleges that in her home she is "raped 24/7 pulling on my genitals & castrated." [*Id.* at 12]. She alleges she has been disfigured by "brain magnetic tech" and "weapons of mass destruction." [*Id.*].

Plaintiff urges that women and girls are being raped in their own homes by "these monsters," and followed throughout society. [*Id.* at 15]. She alleges that "millions" are being "forced under conditions of torture & slavery not knowing until they attack you so brutally to force death because they used you in sex with them & or others." [*Id.* at 14]. She says she had a "vision from God that Americans were being tortured" and now understands it as related to her suffering

5

at the hands of energy weapons. [*Id.* at 17]. Plaintiff further claims Giordano was "handed military secrets with a Q clearance to torture the American people from his home." [*Id.* at 21].

Finally, Ms. Pelfrey includes a visit summary from a doctor following a CT scan of her head. She opines that it shows weakened areas of the brain and areas of volume loss. [*Id.* at 18-20]. The Narrative & Impression in the medical record states that Plaintiff has a history of "[a]ltered mental status." [*Id.* at 19]. The physician found "[n]o acute intracranial findings." [*Id.*].

### b. *Pelfrey v. United States Department of Energy, et al.*, Case No. 1:25-cv-72

The Complaint in this case consists of a complaint form, two pages discussing the dangers of unregulated electromagnetic and radiological weapons, and the Statement of Claim. *Pelfrey v. United States Department of Energy*, Case No. 1:25-cv-72 [Doc. 2].

On June 13, 2025, the Court dismissed this case due to lack of subject matter jurisdiction, cautioning Plaintiff that her filing abilities may be enjoined if she continues to file frivolous lawsuits or motions in this Court. *Id.* [Docs. 20 & 21].

### c. *Pelfrey v. Department of Defense, et al.*, Case No. 1:25-cv-73

Plaintiff's complaint form indicates she is seeking to vindicate the right to be secure in her home and identifies the following statutory and Constitutional provisions as the basis of her claim: violations of the Fourth, Fifth, and Eighth Amendments to the Constitution, 18 U.S.C. § 116, 16 U.S.C. § 2332a, and T.C.A. § 39-13-806. [Doc. 2 at 1-2]. She names the Department of Defense, Deno Giordano, Carey Leeann Stockholm, James Giordano, Jay Giordano, and Lynn. D. Forester Rothchild as Defendants. [Docs. 2 & 5].

Next, she includes two pages urging that radiological and electromagnetic energy weapons are being used against her and other citizens, that the weapons are not properly regulated, and that

the Government has failed to protect citizens as well as the President and his family. [Doc. 2 at 4-5]. She also alleges her identity was stolen to make her look different. [*Id.* at 5].

The remainder of the Complaint [Doc. 2] consists entirely of the Statement of Claim – the same handwritten pages, medical records, and request for relief that Plaintiff filed in each of her March 7th Cases.

### d. *Pelfrey v. United States State Department, et al.*, Case No. 1:25-cv-74

In her form Complaint [Doc. 2], Plaintiff identifies the same statutes as in her other March 7th Cases. She names as Defendants the same five individuals as well as the State Department. There are no factual allegations in the form. The remainder of her Complaint consists entirely of the Statement of Claim.

### e. *Pelfrey v. Giordano, et al.*, Case No. 1:25-cv-75

Plaintiff's form Complaint [Doc. 2] identifies the same statutes as her other actions. She names the Department of Defense and all five individual Defendants. The remainder of her Complaint consists entirely of the Statement of Claim.

### f. *Pelfrey v. Department of Justice, et al.*, Case No. 1:25-cv-76

In her form Complaint, Plaintiff states a demand for judgment:

> Laws put into place to protect me, my family & the American people from this secret attack. Regulation of energy weapons to stop the torture of humans by James Giordano's weapons of mass destruction bioweapons & electrocution of our brain. Reading our thought's with neuroscience which is stealing our privacy.

[Doc. 3 at 3]. She identifies the same statutes and Constitutional provisions as her other actions and the same individual defendants, plus the Department of Justice. The remainder of the Complaint consists only of the Statement of Claim. [*Id.* at 4-20].

## II.     STANDARD OF REVIEW

Federal courts lack subject matter jurisdiction over complaints that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). "Generally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Id.* at 479. However, the district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* This authority "is reserved for patently frivolous complaints," not cases where it seems unlikely that the plaintiff can ultimately state a claim under Federal Rule of Civil Procedure 12(b)(6). *Zareck v. Corrections Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020).

The Sixth Circuit has repeatedly confirmed the district court's authority to dismiss such actions *sua sponte* for lack of subject matter jurisdiction. *Cutburth v. United States*, Case No. 22-5159 (6th Cir. Aug. 31, 2022) (unpublished); *Bey v. Weisenburger*, No. 23-3689, 2024 WL 3912829 (6th Cir. June 5, 2024) (sovereign citizen allegations in lawsuit against towing company, police officers, prosecutor, and municipal judges arising out of conviction for failure to comply with police orders was properly dismissed *sua sponte*); *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966 (6th Cir. Aug. 2, 2022) (fee-paid complaint against judge who presided over foreclosure action properly dismissed under *Apple v. Glenn*); *Dekoven v. Bell*, 22 F. App'x 496 (6th Cir. 2001) (fee-paid complaint premised on plaintiff's belief that he was the messiah was "delusional" and his complaint properly dismissed sua sponte). Even in a fee-paid action, when a complaint is "totally implausible," the plaintiff is not entitled to leave to amend. *See id.*

### III. ANALYSIS

Plaintiff's claims are completely frivolous. "A claim is frivolous when it is based on 'fantastic or delusional' factual allegations or on legal theories that are indisputably without merit." *Bartlett v. Kalamazoo Cnty. Comm'y Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, *1 (6th Cir. Aug. 22, 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). Plaintiff claims various government entities and/or James Giordano are sexually assaulting, torturing, mutilating, and disfiguring her and others using radiation and electromagnetic weapons. She claims someone is beaming lights into her eyes, using narcotics to manipulate her, and that she is the victim of sex trafficking and castration. She claims there is "secret spying" in bathrooms and showers and that millions of people are being tortured and enslaved without their knowledge.

"Although these allegations may be real to Plaintiff, a reasonable person would find them to be so delusional as to be wholly incredible." *Valadez v. Whipple*, Misc. No. 7:20-mc-1220, 2021 WL 8016842, *2 (S.D. Tex. Jan. 12, 2021). Courts in this Circuit have dismissed similarly fantastical allegations. *See Dorr v. Unknown Agent of Nat'l Security Agency*, 2018 WL 4214402 (E.D. Mich. Sept. 15, 2018) (dismissing as frivolous plaintiff's allegation that federal agencies intercepted his cell phone, causing him mental distress); *Krusell v. Biden*, 2021 WL 3489613 (W.D. Mich. Aug. 9, 2021) (dismissing as frivolous plaintiff's allegation of medical problems caused by Nazis and a "fungal nanotech virus from DARPA"); *Sorezo v. Smith*, 2023 WL 162196 (E.D. Mich. Jan. 11, 2023) (dismissing as frivolous plaintiff's claims that NASA "invaded his privacy using space technology"); *Valadez*, 2021 WL 8016842 (allegations that DEA agents used "Direct Energy Weapons" against plaintiff were delusional and subject to dismissal). Such far-fetched and incredible theories of harm are insufficient to invoke the Court's subject matter jurisdiction.

The Sixth Circuit has affirmed dismissal under Rule 12(b)(1) of a complaint with similar allegations. In *Bartlett v. Kalamazoo County Community Mental Health Board*, No. 18-1319, 2018 WL 4492496, *1 (6th Cir. Aug. 22, 2018), the plaintiff alleged she was improperly adjudicated as mentally ill, improperly placed in various mental health facilities, and wrongfully accused of being a drug and sex addict. *Id.* at *1. She alleged she had "been raped, molested, tortured, and subjected to 'biomedical' treatments" and "severe radiation" that would "result in her death if they are not stopped." *Id.* She also alleged a cover-up of the harmful treatment. *Id.*

The district court dismissed sua sponte under Federal Rule of Civil Procedure 12(b)(1), finding that Bartlett sought relief under statutes with no private right of action and failed to set forth a viable legal claim, in part because she failed to identify how any specific person allegedly violated her rights. *Id.* The Sixth Circuit found sua sponte dismissal appropriate because, *inter alia*, plaintiff's claims were totally frivolous and lacking any legal plausibility, depriving the court of subject matter jurisdiction under *Apple v. Glenn*. *Id.* at *2.

Similar to *Bartlett*, Plaintiff makes no allegations as to any of the individual defendants except James Giordano. Plaintiff does state that James Giordano is "an actor for Pentagon," but alleges he is only "pretending to be an official." Case No. 1:25-cv-73 [Doc. 2 at 21]. She does not identify any of the other individual defendants or suggest they are state actors. She makes only vague reference to government entities. And, more obviously, her allegations are totally implausible.

The Court does not doubt Plaintiff's suffering. But as the Court previously observed, her suffering is not of Defendants' making, nor is it remediable by the Court. *See Pelfrey v. Giordano, et al.*, Case No. 3:23-cv-31, Order [Doc. 14] (E.D. Tenn. Oct. 23. 2023). The complaints Plaintiff filed in these actions are largely identical. In each case, Plaintiff's allegations are fantastical and

delusional, depriving the Court of subject matter jurisdiction. These actions will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

## IV. VEXATIOUS LITIGANT INJUNCTION

As a result of Ladonna Pelfrey's numerous frivolous filings in this District, the Court hereby permanently **ENJOINS** Ladonna Pelfrey from filing any petition or complaint without first seeking and receiving approval by the Court in accordance with this Order.

### a. Procedural History

On January 27, 2023, Plaintiff filed her first frivolous action relating to "energy weapons" against Lynn Rothchild and James Giordano. *Pelfrey v. Giordano, et al.*, Case No. 3:23-cv-31 [Doc. 2]. She asserted a violation of "all constitution and civil rights." [*Id.* at 3]. She alleged "unlawful entry into my body with neuro brain technology." [*Id.*]. The Court explained that her complaint was nearly devoid of factual allegations and did not mention the Defendants. [Doc. 7]. She failed to identify a cause of action, a violation of federal law, or a constitutional deprivation. [*Id.*]. Moreover, her contention that someone infiltrated her home and person through neurological technology was totally implausible and factually frivolous. [*Id.*]. The Court nonetheless gave Plaintiff an opportunity to amend her complaint to attempt to state a claim. [*Id.*]. The Order put Plaintiff on notice that the failure to timely file an amended complaint would result in the dismissal of her action. [*Id.*]. She filed nothing in response to the Court's Order and accordingly, the case was dismissed. [Doc. 9]. She subsequently filed a meritless motion to reopen [Doc. 11], which was denied [Doc. 12]. Nearly five months later, she filed a second meritless motion to reopen, which was denied on October 23, 2023. [Doc. 14].

Undeterred, Plaintiff filed *Pelfrey v. Giordano, et al.*, Case No. 1:24-cv-354, two weeks later. She again named James Giordano and Lynn Rothchild as Defendants, along with Jay

11

Case 1:25-cv-00074-CEA-JEM    Document 17    Filed 06/25/25    Page 11 of 16
PageID #: 66

Giordano. Case No. 1:24-cv-354 [Doc. 2]. Her form complaint contended she was being surveilled and harassed with the intent to intimidate, injure, and kill her, and that a hate crime was being committed against her. The Complaint [Doc. 2] was just as factually sparse as the first and did not identify any Defendant or make any allegations against them. On June 24, 2025, the Court dismissed that action as frivolous and for lack of subject matter jurisdiction.

Plaintiff then filed the March 7th Cases – five nearly identical lawsuits, all premised on the contention that she is being tortured, harassed, and sexually assaulted by energy weapons. As the Court has explained, her allegations are patently frivolous. Ms. Pelfrey then appealed case management orders entered in Case No. 1:25-cv-72, but she filed that appeal in all five March 7th Cases as well as in *Pelfrey v. Giordano, et al.*, Case No. 1:24-cv-354. All of her appeals were dismissed for lack of jurisdiction. Despite initially seeking to proceed *in forma pauperis*, Plaintiff paid the filing fee in all five March 7th Cases. She also paid the $605 fee to appeal several of her cases to the Sixth Circuit.

While her March 7th Cases were pending, Plaintiff filed *Pelfrey v. Lockheed Martin*, Case No. 1:25-cv-157, and *Pelfrey v. Raytheon RTX*, Case No. 1:25-cv-158, on May 14, 2025. Her statement of claim in these cases is substantially identical, with only minor differences in phrasing. She alleges the Defendants developed "systems" that have abused her, that she is being electrocuted and shocked by their technology, that they are attacking women and girls, and that she is being tracked and followed by "systems." Both cases have been dismissed as frivolous / for lack of subject matter jurisdiction.

In short, Plaintiff's lawsuits all involve her belief that she is being tortured, sexually assaulted, and/or tracked by various individuals or Government entities. Though some of her complaints do not specify how the harm is occurring, most attribute her suffering to different

technologies: radioactive, biochemical, electromagnetic, or neurological weapons; "nanotech"; or just "energy weapons." The Court explained why this contention was frivolous over two years ago. After that order, Ms. Pelfrey filed eight more cases based on similar contentions. Six of those cases name the same Defendant, James Giordano, that she sued in her first action. Ms. Pelfrey has also sued four individuals multiple times without making any factual allegations against them at all: Lynn Rothchild, Carey Leann Stockholm, Jay Giordano, and Deno Giordano. The majority of her lawsuits purport to bring claims under federal criminal statutes, for which there is no private right of action.

She has, moreover, filed multiple baseless motions in her cases. For example, she filed a Motion for Default Judgment in each of her March 7th Cases, despite the fact that no executed summonses or proof of service had been filed in any case. She filed a motion for service by publication in a case in which in forma pauperis review was still underway, Case No. 1:24-cv-354 [Doc. 12], and continued to urge that service proceed after the Magistrate Judge explained why it was not yet appropriate. *See id.* at [Docs. 13 & 14]. In each of her March 7th cases, she averred that she was unable to pay the filing fee due to her poverty, but subsequently paid the filing fee in every case, as well as a $605 fee to appeal in at least two cases.

b. **Filing Injunction**

The Court has the authority to restrict prolific litigants from repeatedly filing frivolous matters without first obtaining leave of court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Jones v. Kolb*, 91 Fed. Appx. 367, 369 (6th Cir. 2003). The Sixth Circuit has determined that restricting prolific litigators from filing any document without prior approval by the Court is an appropriate method for handling the complaints of prolific litigators. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.

1998). "A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing" and such a requirement is appropriate when a litigant has demonstrated a pattern of repetitive or vexatious litigation, particularly where "a litigant is merely attempting to collaterally attack prior unsuccessful suits." *Raimondo v. United States*, No. 21-10854, 2022 WL 3581144 (E.D. Mich. Aug. 19, 2022).

To impose such a restriction, the Court must "'identify a pattern of repetitive, frivolous, or vexatious filings.'" *United States v. Petlechov*, 72 F.4th 699, 710-711 (6th Cir. 2023) (quoting *Feathers,* 141 F.3d at 269). Although litigiousness alone is not sufficient to support an injunction, "a pattern of filing repetitious or frivolous actions is a waste of judicial resources," and because the Court has a "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice … the Court may impose sanctions on [litigants who] continue to file repetitious or frivolous claims." *Porter v. D + C Recovable Arm. Tr.,* No. CV 23-40170-MRG, 2024 WL 967575, at *2 (D. Mass. Mar. 6, 2024) (internal quotations omitted); *see Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

The Court finds that Ms. Pelfrey has demonstrated a pattern of filing duplicative, frivolous lawsuits, as well as baseless motions. Based on this conduct, it is reasonable to anticipate that Ms. Pelfrey will persist in her current pattern of frivolous litigation. The Court therefore finds that nothing less than a comprehensive filing injunction will be adequate to prevent LaDonna Pelfrey from wasting further judiciary resources.

Accordingly, Ladonna Pelfrey is **PERMANENTLY ENJOINED** from filing any new petitions or complaints in this Court or from making any new filing in any cases that have been closed without first seeking and obtaining the Court's permission to file. To obtain the Court's permission to file, Ms. Pelfrey **MUST** submit to the Court:

1. A copy of the proposed petition, complaint, or document to be filed.

2. A "Motion Pursuant to Court Order Seeking Leave to File," which must include as exhibits:

    a. A copy of this Order;

    b. A declaration prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit, certifying that:

       i. The petition, complaint, or other document raises a new issue which has never been previously raised by Ms. Pelfrey in this or any other court;

       ii. The claims asserted in the petition, complaint, or other document are not frivolous; and

       iii. The petition, complaint, or other document is not filed in bad faith.

    c. A statement that lists:

       i. The full caption of each and every suit that has been previously filed by Ladonna Pelfrey or on her behalf in any court against each and every defendant named in any new suit she wishes to file; and

       ii. The full caption of each and every suit that she has filed that is currently pending.

The Clerk's Office shall identify Ladonna Pelfrey as a RESTRICTED FILER in CM/EF and shall reject any proposed filings by Ms. Pelfrey that do not contain the required Motion

Pursuant to Court Order Seeking Leave to File and required exhibits. The Court may deny any motion for leave to file if the proposed filing is frivolous, vexatious, or harassing, or otherwise fails to comply with this Order. If the motion is denied, the document shall not be filed and will be returned to Ms. Pelfrey.

The Court may dismiss any action initiated by the inadvertent filing by the Clerk's Office of any document submitted by Ladonna Pelfrey that has not been approved for filing in compliance with this Order. The Court may also dismiss any action removed to this Court that has been improperly filed in another Court in an attempt to circumvent this Order. Failure to comply with this Order may lead to further sanctions.

## V. CONCLUSION

Each of Plaintiff's above-captioned actions is subject to dismissal without leave to amend pursuant to *Apple v. Glenn* because each lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." 183 F.3d at 480. The following actions are **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction:

- *Pelfrey v. Department of Defense, et al.*, Case No. 1:25-cv-73;
- *Pelfrey v. State Department, et al.*, Case No. 1:25-cv-74;
- *Pelfrey v. Giordano, et al.*, Case No. 1:25-cv-75; and
- *Pelfrey v. Department of Justice, et al.*, Case No. 1:25-cv-76;

Ladonna Pelfrey is **PERMANENTLY ENJOINED** from filing any new petitions or complaints in this Court without seeking and receiving approval from the Court, as detailed herein.

Appropriate judgment orders shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**